1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   KENNETH R. CARBAJAL (Cal. Bar No. 338079)
4  Assistant United States Attorney
   General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-3172
7        Facsimile: (213) 894-0141
         E-mail:    kenneth.carbajal@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. 21-cr-00112-SVW

13           Plaintiff,              GOVERNMENT'S SENTENCING POSITION
                                     FOR DEFENDANT IDELFONSO SANCHEZ
14              v.                   INZURZA

15  IDELFONSO SANCHEZ INZURZA,       Sentencing Date:    09/23/2024
                                     Sentencing Time:    11:00 a.m.
16           Defendant.              Location:      Courtroom of the Hon.
                                                    Stephen V. Wilson
17

18

19

20        Plaintiff United States of America, by and through its counsel

21  of record, the United States Attorney for the Central District of

22  California and Assistant United States Attorney Kenneth R. Carbajal,

23  hereby files its Sentencing Position for Defendant Idelfonso Sanchez

24  Inzurza.

25

26  / / /

27  / / /

28  / / /

1    The government's Sentencing Position is based upon the attached

2  memorandum of points and authorities, the files and records in this

3  case, and such further evidence and argument as the Court may permit.

4  The government respectfully requests the opportunity to supplement

5  its position or respond to defendant as may become necessary.

6   Dated: September 9, 2024          Respectfully submitted,

7                                     E. MARTIN ESTRADA
                                      United States Attorney
8
                                      MACK E. JENKINS
9                                     Assistant United States Attorney
                                      Chief, Criminal Division
10

11                                        /s/
                                      _____
                                      KENNETH R. CARBAJAL
12                                    Assistant United States Attorney

13                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1              **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         In April 2018, defendant, possessed approximately 7.665

4    kilograms of actual methamphetamine.  In a written, binding plea

5    agreement pursuant to Rule 11(c)(1)(C), defendant subsequently

6    pleaded guilty to a single-count indictment for possession with

7    intent to distribute methamphetamine, in violation of 21 U.S.C.

8    §§ 841(a)(1), (b)(1)(A)(viii), and now faces sentencing.  (Dkt. 21.)

9    In the binding plea agreement, both parties agreed that an

10   appropriate disposition of this case is for the Court to impose a

11   sentence between 120 months and 168 months imprisonment, to run

12   concurrently to defendant's sentence in another proceeding further

13   described below.  (Dkt. 21, ¶ 18.)

14        On August 26, 2024, U.S. Pretrial and Probation Services issued

15   a Presentence Report and a Recommendation Letter.  (Dkts. 24-25.)

16   There, Probation calculated that defendant's Sentencing Guidelines

17   range to be 151 to 188 months' imprisonment, based on an offense

18   level of 34 and a criminal history category of I. (Dkt. 25 at 3.)

19   Probation recommends a sentence of 151 months' imprisonment to run

20   concurrently with the undischarged term of defendant's sentence in

21   United States v. Ildelfonso Sanchez-Inzunza, 4:20-CR-00124-RSB-CLR-2,

22   out of the Southern District of Georgia ("SDGA case").

23        The government agrees with the majority of Probation's

24   calculations, but believes the total offense level should be 33, as

25   defendant is entitled to an additional one-point reduction for

26   acceptance of responsibility under U.S.S.G. § 3E1.1(b).  An offense

27   level of 33 and a criminal history category of I yields a Sentencing

28   Guidelines range of 135 to 168 months' imprisonment.  Based on those

1   calculations, the government respectfully recommends that the Court

2   sentence defendant to a low-end Guidelines sentence of 135 months'

3   imprisonment followed by a five-year term of supervised release.

4   Consistent with its obligations in the plea agreement, the government

5   further recommends that the term of imprisonment run concurrently

6   with defendant's remaining sentence in the SDGA case.  Such a

7   sentence is sufficient, but not greater than necessary, to achieve

8   the purposes set forth in 18 U.S.C. § 3553(a).

9   **II.   STATEMENT OF FACTS**

10      On July 22, 2024, defendant pled guilty (Dkt. 23) pursuant to

11  his plea agreement (Dkt. 21) where he admitted to the following

12  facts:

13      On or about April 5, 2018, in Riverside County, within the

14  Central District of California, defendant knowingly and intentionally

15  possessed with intent to distribute approximately 7.665 kilograms of

16  actual methamphetamine, a Schedule II narcotic drug. At the time,

17  defendant knew that the substance he possessed and intended to

18  distribute was methamphetamine.

19      Specifically, on April 5, 2018, Drug Enforcement Administration

20  ("DEA") agents conducting surveillance of a suspected drug trafficker

21  saw defendant load a weighted duffle bag into a Dodge Challenger (the

22  "Dodge").  Defendant then entered the Dodge as a passenger, and the

23  Dodge drove away.  Shortly thereafter, California Highway Patrol

24  ("CHP") officers, at the DEA's direction, pulled over the Dodge in

25  which the defendant was the front passenger.  CHP officers searched

26  the Dodge and recovered a duffel bag from the rear passenger seat.

27  The duffel bag contained multiple individually wrapped packages, each

28  containing what laboratory testing later determined to be

1   approximately 7.665 kilograms of actual methamphetamine.  CHP

2   officers then arrested the defendant, and in a post-Miranda

3   interview, defendant stated that the drugs belonged to him.

4   **III.  PROBATION'S SENTENCING GUIDELINES CALCULATIONS**

5        In August 2024, Probation issued a PSR and calculated a total

6   offense level of 34.  (PSR ¶ 32.)  Specifically, Probation determined

7   that defendant's base offense level was 38, because the defendant

8   possessed with intent to distribute at least 7.665 kilograms of ice,

9   pursuant to U.S.S.G. §§ 2D1.1(a)(5), (c)(1).  (PSR ¶ 21; see also

10  Dkt. 21, ¶ 16.)  Furthermore, Probation determined that a two-level

11  acceptance-of-responsibility reduction applied, pursuant to U.S.S.G.

12  § 3E1.1(a), because defendant demonstrated acceptance of

13  responsibility for the offense.  (PSR ¶ 28.)  Lastly, Probation

14  determined that a two-level reduction applied, pursuant to U.S.S.G.

15  § 4C1.1, because defendant is a zero-point offender.  (Id. ¶¶ 30-31.)

16  Based on these calculations, Probation's total offense level is 34.

17  (Id. ¶ 32.)

18       Probation also determined that defendant's prior criminal

19  convictions resulted in a criminal history score of 0.  (Id. ¶ 38.)

20  Based on this, Probation determined defendant falls within criminal

21  history category I.  (Id. ¶ 39.)

22       With a total offense level of 34 and criminal history category

23  I, Probation determined that the advisory Sentencing Guidelines range

24  is 151 to 188 months, followed by a term of supervised release of

25  five years to life.  (Id. ¶¶ 74, 78.)  Probation recommends the Court

26  sentence defendant to a low-end term of 151 months imprisonment to

27  run concurrently with defendant's remaining term of imprisonment in

28  the SDGA case.  (Dkt. 24 at 1.)

**IV.    GOVERNMENT'S SENTENCING GUIDELINES CALCULATIONS**

In addition to the two-level reduction recommended by Probation, the government moves for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), because defendant timely accepted responsibility thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  Additionally, although the government agrees with Probation's determination that the base offense level is 38, the government's position is that, given that the methamphetamine the defendant possessed had a substance purity of 100%, the defendant possessed with intent to distribute 7.665 kilograms of <u>actual</u> methamphetamine, as agreed to in his plea agreement, not ice.  (<u>Id.</u> ¶¶ 14, 20-21; Dkt. 21 at 7.)

Therefore, the total offense level is 33.  With a criminal history category I, the advisory Sentencing Guidelines range is 135-168 months' imprisonment.

**V.    GOVERNMENT RECOMMENDS A 135 MONTHS' SENTENCE TO RUN CONCURRENTLY WITH DEFENDANT'S SDGA CASE**

The government recommends a low-end Guidelines sentence of 135 months' imprisonment, followed by a five-year period of supervised release. Consistent with its obligations in the plea agreement, the government further recommends that the term of imprisonment run concurrently with defendant's remaining sentence in the SDGA case. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

**A.    Nature and Circumstances of the Offense**

The nature and circumstances of defendant's offense supports a concurrent sentence of 135 months' imprisonment.  In mitigation, no

1  one was hurt when defendant committed this offense, he surrendered

2  without incident to law enforcement that responded to the scene, and

3  almost immediately claimed ownership of the methamphetamine.  (PSR

4  ¶¶ 12-14.)  However, defendant's crime was serious, as he possessed a

5  significant amount of drugs.  (Id. ¶ 14.)  For that reason, a low-end

6  sentence – to run concurrently with defendant's SDGA case -- should

7  be imposed as it appropriately balances the aggravating and

8  mitigating circumstances in this case.

9      **B.    History and Characteristics of Defendant**

10      Defendant's history and characteristics also warrant the

11  government's recommended sentence.  In mitigation, defendant endured

12  a difficult childhood, moved to the United States by himself at a

13  young age, worked to support himself, and struggled with drug use.

14  (Id. ¶¶ 49, 51-52, 55.)  In aggravation, however, defendant possessed

15  with intent to distribute significant amounts of controlled

16  substances on multiple occasions.  Between the methamphetamine

17  recovered in this case and the controlled substances recovered in the

18  SDGA case – which Probation has determined is relevant conduct – the

19  defendant possessed 7.665 kilograms of actual methamphetamine, 16.4

20  kilograms of cocaine, 3 kilograms of heroin, 67.4 grams of cocaine

21  base, 729 grams of marihuana, $192,643 in cash and a loaded Smith and

22  Wesson .380 caliber handgun.  (Id. ¶ 37.)  However, defendant

23  accepted responsibility in this case and the SDGA case, saving the

24  government and the Court time and resources and reflecting his

25  sincere contrition for committing these offenses.  Thus, on balance,

26  defendant's history and characteristics support the government's

27  recommended low-end Guidelines sentence to run concurrently with the

28  SDGA case.

**C.** **Need for the Sentence to Reflect the Offenses' Seriousness, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public**

The sentence must satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public.  Here, the government's recommended sentence at the low-end of the applicable Guidelines range will deter defendant specifically and others generally who might be inclined to perpetrate a similar crime.  Finally, a five-year term of supervised release will provide an additional layer of deterrence and protection to the community, and will help defendant transition back into society upon release.

**D.** **The Need to Avoid Unwarranted Disparities**

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants.  One way of doing so is to correctly calculate the Guidelines range and then sentence defendants within that range.  See Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant can expect a prison sentence between 135- and 168-months' imprisonment.  See U.S.S.G. § 5A (Sentencing Table).  Consequently, the government's recommended sentence, which is at the low-end of that range, avoids an unwarranted disparity with similarly situated defendants.

## VI.    CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 135 months' imprisonment to run concurrently with defendant's SDGA case, followed by a five-year period of supervised release; a $100 special assessment; and no fine.

7